UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Julian Lopez | § § § § | |
| | § | Civil Action No. |
| v | § § | 5:19-cv-1131 |
| | § § § § | |
| Tolteca Enterprises. Inc. d/b/a Phoenix Recovery Group, LLC | § | |

Complaint

Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to job loss, the number of personal bankruptcies, invasions of privacy, and marital instability.

2. Congress intended the FDCPA to promote ethical business practices by debt collectors. In order to accomplish this goal, the FDCPA prohibits debt collectors from engaging in false and misleading representations. It provides a non-exhaustive list of prohibited representations that includes: false representations of the character, amount, or legal status of a debt, 15 U.S.C. § 1692e(2)(A); threatening to take any action that

cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); communicating or threatening to communicate credit information which is false or should be known to be false, 15 U.S.C. § 1692e(8); and using any false representation or deceptive means to collect or attempt to collect any debt, 15 U.S.C. § 1692e(10).

3. Plaintiff brings this action for Defendant's violations of the FDCPA and seeks actual damages, statutory damages, attorney's fees, costs and all other relief available at law or in equity.

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

6. Plaintiff, Julian Lopez, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, Tolteca Enterprises. Inc. d/b/a Phoenix Recovery Group, is a Texas corporation who maintains a business address at 1045 Cheevers

Blvd, Suite 204, San Antonio, Texas 78217 and may be served with summons via its registered agent Frank Gamboa at 2939 Mossrock, Suite 220, San Antonio, Texas 78230, or wherever they may be found.

Facts

8. Phoenix regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

9. The principal purpose of Phoenix is the collection of such debts.

10. Phoenix primarily collects defaulted debts arising from apartments and other residential leasing agreements.

11. The Debt is a defaulted debt that Lopez used for personal, family, and household purposes (the "Debt").

12. As part of a residential lease executed in November 2017, Lopez agreed to act as a guarantor of another person's apartment lease.

13. When lease was renewed in December 2018 Lopez no longer agreed to act as the tenant's guarantor.

14. The 2018 lease has an unchecked box for "Lease Contract Guaranty."

15. A true and correct copy of signature page, as provided by Phoenix to Lopez, is attached as Exhibit A except that per Fed. R. Civ. P. 5.2 it has been redacted.

16. After the tenant defaulted on the 2018 lease, the apartment complex turned the account over to Phoenix for collections.

17. Phoenix sent an email intended for the tenant to Lopez. Through a course of emails Lopez attempted to resolve this matter with Phoenix.

18. During the course of this exchange Phoenix reported the debt on Lopez's credit report, causing his score to drop by approximately 100 points.

19. As soon as he discovered the negative reporting, Lopez disputed the debt with Phoenix by email and phone.

20. Phoenix produced to Lopez a "Guarantor Pre-Leasing Application" claiming that it was an agreement to as a guarantor of the tenant.

21. The Application has a date of signing of October 5, 2017 and states in part "This form is not a binding guarantor agreement…"

22. A true and correct copy of this application is attached as Exhibit B except that per Fed. R. Civ. P. 5.2 it has been redacted.

23. Phoenix attempts to use it as if it was a binding agreement and has been unable to produce to Lopez any other evidence that he is legally bound as a guarantor.

24. Undeterred by the lack an agreement causing Lopez to be liable for the defaulted rental debt, Phoenix reported $13,430 as owing on his credit report.

25. Over the phone, Phoenix represented that the debt was approximately $5,900.

26. Phoenix refused to correct its reporting and insists that the pre-leasing application form (Ex. B) and signature page (Ex. A) combine to make him liable as guarantor for the defaulted debt. A plain reading of the same makes it clear that he cannot be held to guarantee the debt.

Cause of Action – Fair Debt Collection Practices Act

27. Phoenix is a debt collector as defined by 15 U.S.C. § 1692a(6).

28. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

29. Lopez is a consumer as defined by 15 U.S.C. § 1692a(3).

30. Phoenix's credit reporting, emails, and phone calls are communications as defined by 15 U.S.C. § 1692a(2).

31. Phoenix violated the FDCPA in that it:

   a. Misrepresented the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(a);

   b. Threatened to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

   c. Communicated credit information which it knew or should have known to be false in violation of 15 U.S.C. § 1692e(8); and

   d. Used a false representation or deceptive means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

32. These acts and omissions invaded the rights of Lopez that are protected by the FDCPA, an invasion of which caused an injury-in-fact.

## Jury Demand

33. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated: September 17, 2019            Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com